IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JESSIE PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-301 |
| | § | |
| JOHN C. HARDY, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case arises out of an alleged injury to Jessie Perez ("Plaintiff") while working on a shrimp boat. Now before the Court comes the Motion for Summary Judgment by John C. Hardy ("Defendant"). For the following reasons, Defendant's Motion is **GRANTED**.

I. Background

Plaintiff alleges in his Complaint that he was injured while working aboard the shrimp boat the MISS ADRIANNE, which is owned by Defendant. He states that the injury occurred on or about June 24, 2003, while the vessel was in operation. Defendant contends that the vessel was in the boat yard at this time.

Plaintiff's counsel moved to withdraw on May 18, 2005, and the Court granted this Motion at a hearing on July 8, 2005. Plaintiff has been incarcerated at least since May 2005 and has not retained other counsel.

Defendant filed his Motion for Summary Judgment on July 25, 2005. According to L.R. 7.3, Plaintiff had twenty days to respond, or until August 15, 2005. The Court requested that Plaintiff's former counsel notify Plaintiff by certified mail about the Motion and the deadline for a response.

Additionally, Defendant personally served Plaintiff with the Motion on July 26, 2005.  Plaintiff has not filed a response.

II.  Summary Judgment Standard

Although failure to respond to a motion is normally considered "a representation of no opposition," when the motion is for summary judgment, the Court must still consider the motion on its merits.  L.R. 7.4; *see, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60, 90 S. Ct. 1598, 1609-10, 26 L. Ed. 2d 142 (1970); *Dawkins v. Green*, 412 F.2d 644, 646 (5th Cir. 1969).

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986).  The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must come forward with "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  The court must view all evidence in the light most favorable to the non-movant.  *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003).  If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

III.  Analysis

Defendant argues that Plaintiff could not have been hurt while shrimping on the MISS ADRIANNE because that vessel was delivered to the boat yard in Port Bolivar, Texas on May 14, 2003, where it stayed until July 13, 2003. Defendant has offered records from Port Bolivar Marine Service, Inc. confirming that the MISS ADRIANNE was taken there for repairs and was in fact out of the water from May 14, 2003 to June 30, 2003. Plaintiff could not have been shrimping on the MISS ADRIANNE on June 24, 2003, if the vessel was out of the water in the boat yard.

Also, Defendant has produced records from the trips taken by the MISS ADRIANNE immediately before and after the repairs. These records list Alex, Johnny O., Tish, Bobby Jo Olvera, Lucas, Jose, and Pedro as crew members; there is no mention of Jessie Perez. Plaintiff has not produced any evidence to the contrary. These records show that Plaintiff was not employed on the MISS ADRIANNE on June 24, 2003, or on any date around that time–so it does not appear that Plaintiff merely misstated the date by few days or even weeks, but rather that Plaintiff invented the whole story.

If Plaintiff was not on Defendant's boat on or about June 24, 2003, Defendant could not have caused the injury of which Plaintiff complains. Defendant has shown that there is no genuine issue of material fact as to whether Defendant caused Plaintiff's injury. Defendant's Motion for Summary Judgment is therefore **GRANTED**.

IV. Conclusion

For the above-stated reasons, Defendant's Motion for Summary Judgment is hereby **GRANTED**. If Plaintiff reviews his records and discovers that he was injured at a different place or time, he may assert those claims subject to any time limitations that might apply, but his claims against Defendant for an injury occurring on the MISS ADRIANNE on or about June 24, 2003 are

**DISMISSED WITH PREJUDICE**.  Each Party is to bear its own taxable costs and expenses incurred herein to date.  A Final Judgment will be issued contemporaneously with this Order.

**IT IS SO ORDERED**.

**DONE** this 18th day of August, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge